### COLLETON COUNTY v. HAMPTON COUNTY.

1. WITNESS—FEES.—Section 2197 of the General Statutes contemplates that a witness for the State in a criminal case is not paid until after the case is tried.

2. FEES—LIMITATION OF ACTIONS.—The expenses of the trial of a criminal case transferred from one county to another is one continuing account, although remaining through several terms of Court, and when the account is presented to the transferring county within the next fiscal year after the trial, it is not barred by Rev. Stat., 693.

Before WATTS, J., Hampton, February, 1898.    Affirmed.

Account by Colleton County against Hampton County for expenses for trial of criminal case transferred. Commissioners of Hampton refused to pay account in part. Upon appeal, this action was reversed. From that judgment Hampton County appeals.

*Mr. Jas. W. Moore,* for appellant, cites: *County of Colleton primarily liable:* Rev. Stat., 676, 677.    *County in which offense is committed is not always liable for expenses of trial:* Con. 1895, art. VI., sec. 6; Acts of 1896, 214.    *And so as to the county in which tried, hence it is proper to plead:* Rev. Stat., 693, construed in 31 S. C., 84.    *Objection to insufficiency of pleading Statute comes too late here:* 32 S. C., 492.

*Messrs. Griffin & Padgett,* contra, cite: *Sec. 693, Rev. Stat., does not apply:* 40 Ia., Lamb *v.* Henneman; 1 Ala., 62; 6 Ala., 438; 32 S. C., 441.    *Fees could not be paid until*

*trial of cause:* Gen. Stat., 2196; 42 S. C., 190. *Colleton County was acting as fiduciary to Hampton County, and Statute does not apply:* 2 Bail., 51; Rice Eq., 198; 5 Rich. Eq., 470; 16 S. C., 252; Rev. Stat., 677; 13 S. C., 266. *If claim was barred, it is taken out by promise in writing:* 51 S. C., 134; 3 McC., 552; 4 McC., 93; Harp., 484; 6 Rich., 117; 10 Rich., 325; 1 McC., 32; 1 Brev., 428; 2 Brev., 31; 2 Mill., 441; 2 N. & McC., 60; Dud., 85, 118. *Statute not properly pleaded:* 42 S. C., 543; Code, 94, 93; 16 S. C., 378; 22 S. C., 583; 29 S. C., 254; 33 S. C., 303; 9 S. C. 391.

July 9, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. The county of Colleton filed with the county board of commissioners for Hampton County, for audit, a claim amounting to $582.10, being expenses of the trial of the case of State *v.* Cordry Mims, indicted for murder in Hampton County, the case having been transferred to Colleton County for trial. The claim was for witnesses bill for October, 1894, term, $76; February, 1895, term, $90.50; June, 1895, term, $76; October, 1895, term, $73.50; February, 1896, term, $190.75; bill of the South Carolina penitentiary, dieting, transportation, &c., of prisoner, $75.35. The board of commissioners for Hampton County approved the claim for only $188.75. On appeal from this action, the Circuit Court gave judgment for the whole amount claimed. No question is raised in this case as to the liability of one county to pay for the expenses of a trial had in another county. The sole question presented below, and here, is whether the claim for witnesses fees for attending Court in the trial of said case, during terms of the Court in 1894 and 1895, was barred under sec. 625, General Statutes, being section 693, Revised Statutes 1893. That section provides: "No claim against any county of this State shall be valid and payable unless the same be presented to and filed with the county board of commissioners of such county during the fiscal year in which it is con-

tracted, or the next thereafter, and all claims not so presented and filed shall be forever barred."

The record does not disclose, specifically, when the county of Colleton issued or paid the witnesses pay certificates in question. In the absence of anything to the contrary, the Circuit Judge had a right to assume that such certificates were not issued or paid until the end of the trial, as section 2197 of the General Statutes provides: "No fees or other compensation shall be allowed to any witness bound over or summoned to testify in any case in the Court of General Sessions, unless the Circuit Judge who tried the cause in which the witness was summoned shall certify that such witness was material, &c." This act clearly contemplates a certificate of materiality by the trial Judge after trial. If so, without a contrary showing, it must be assumed that the county of Colleton did not become liable to pay, or pay the said witnesses fees until the conclusion of the trial in 1896. It is true, that in the affidavit verifying the claim, J. O. Griffin swore, among other matters, "that the services were rendered at the time stated;" but the Circuit Court doubtless construed this evidence to refer to the rendition of service by the witnesses, and not the payment of their fees by Colleton County. If, therefore, Colleton County did not pay, or become liable in law to pay, these witnesses fees until the conclusion of the trial in 1896, and the claim therefor was filed with the county board of commissioners of Hampton County in 1897, the next fiscal year, the claim is not barred, under the section referred to.

But even if it should be a fact that these witnesses fees were certified by the presiding Judge at each term of the Court in 1894 and 1895, while the trial was pending, and were then paid by Colleton County, still, we do not think that the claim by Colleton County for such expenditure was barred when filed. The expense account related to a single transaction, the trial of the case of State v. Mims, which was not complete until the final disposition

of the case, although its trial ran through several terms of the Court. As the claim for trial expenses was filed in the fiscal year next after the conclusion of the trial, it was not barred, so far as the statute in question is concerned.

The judgment of the Circuit Court is affirmed.